Linda CRICHLOW, Plaintiff–Appellant,

v.

UNIVERSITY GROUP MEDICAL ASSOCIATES, Jacobi Medical Center, North Central Bronx Hospital, Honorio Santos, Individually and as Acting Chief of the Department of Anesthesiology, Richard Kaplan, Peter Schneider, Individually and as Admin-

istrative Director of Department of Anesthesiology of Jacobi Medical Center, Edward Broccoli, Individually and as Associate Chairman of the Department of Anesthesiology, Pat Yeh, Individually and as Site Director of Jacobi Medical Center and Robert Roteman, Individually and as Site Director of North Central Bronx Hospital, Defendants–Appellees.

Docket No. 01–7029.

United States Court of Appeals, Second Circuit.

Nov. 28, 2001.

Howard Sussman, Esq., and Stephen Bergstein, Goshen, NY, for appellants.

Jane Gordon, Assistant Corporation Counsel; Michael D. Hess, Corporation Counsel of the City of New York, Edward F.X. Hart, Assistant Corporation Counsel, on the brief, New York, NY, for appellees.

WALKER, Jr., Chief Judge, MESKILL, Circuit Judge, and JOHN G. KOELTL,[1] District Judge.

1. The Honorable John G. Koeltl, of the United States District Court for the Southern District

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Linda Crichlow appeals from the December 8, 2000 order of the district court denying her motion for judgment as a matter of law or, in the alternative, a new trial in this action for racial and age discrimination in her termination of employment and hostile work environment against defendants-appellees under 42 U.S.C. §§ 1981 and 1983 and New York State Human Rights Law, N.Y. Exec. Law § 296 (McKinney 2001).

In January of 1998, after interviews with appellees Schneider, Santos and Broccoli, appellant, an African American anesthesiologist who was forty-six years old at the time the complaint was filed, began working as Director of Quality Improvement ("QI") and as an anesthesiologist with University Group Medical Associates ("UGMA").

Shortly after appellant was hired, conflicts arose. Appellant testified that the staff was uncooperative with her efforts as QI director and that several appellees acted with hostility towards her. On March 5, 1998, Dr. Santos met with appellant to discuss complaints that she was not a "team player," that she had requested too much time off from work, and that she had problems administering an epidural in February. Appellant denied that she had done anything wrong.

Staff members also complained about appellant's abilities as an anesthesiologist. Appellant testified that normal procedures required such complaints to be submitted for review, in the course of which the anesthesiologist would have an opportunity to defend her actions. Complaints regarding her performance were never submitted to the review process, however, and appellant testified that her responses were ignored and some of the complaints were false.

In mid-April, Santos asked her to resign because of the number of complaints he had received about her from Drs. Yeh, Schneider, Broccoli and Roteman. Appellant testified that in April, appellee Kaplan originally encouraged her to stay, but that in June Kaplan also asked her to resign due to her personality conflicts with Dr. Yeh and complaints Kaplan had received from surgical staff. Kaplan testified that he did not ask her to resign.

Based on the foregoing evidence, the district court granted appellees' motion for a judgment as a matter of law on appellant's hostile work environment claim, but denied their motion on the unlawful termination claims. The jury returned a verdict in favor of defendants on all counts. Appellant moved for a new trial or judgment as a matter of law on the unlawful termination claim and a new trial on the hostile work environment claim. After the district court denied these motions and upheld the verdict, this appeal followed.

On appeal, Crichlow argues that the district court erred in (1) denying her motion for a new trial in which she claimed that the district court should not have instructed the jury that it must decide whether appellant had satisfied the requirements of the *prima facie* case of employment discrimination as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); (2) denying her motion for judgment as a matter of law in which appellant had argued that appellees had failed to articulate a legitimate, nondiscriminatory reason for

of New York, sitting by designation.

her termination; and (3) granting appellees' motion for judgment as a matter of law on the hostile work environment claim.

We review claims of error in jury instructions *de novo* and will grant a new trial where the jury has been misled as to the correct legal standard and where the error is not harmless. *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 115–16 (2d Cir.2000). An error is harmless if the court is convinced that the error did not influence the jury's verdict. *Id.* at 116.

■ While we find that the district court erred in instructing the jury on the *prima facie* elements of the *McDonnell Douglas* test, *see Sharkey v. Lasmo* (Aul Ltd.), 214 F.3d 371, 374 (2d Cir.2000), appellant suffered no prejudice that would warrant a new trial. Assuming that appellant satisfied the elements of the *prima facie* case, appellees proffered non-discriminatory reasons for appellant's departure, and the presumption from the *prima facie* case thus disappeared. Viewing the record in the light most favorable to appellant, no reasonable juror could have found that race or age was a motivating factor in her termination. Thus, a proper instruction would have had no effect on the jury verdict. *See Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 99 (2d Cir .2001) (affirming grant of summary judgment for defendants where evidence could not reasonably support gender discrimination claims); *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 157 (2d Cir.2000) (same for age discrimination); *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir.2000) (same). Therefore, appellant has suffered no harm. *See Renz v. Grey Adver., Inc.*, 135 F.3d 217, 223–24 (2d Cir.1997) (holding erroneous jury instruction harmless where evidence showed jury verdict would have been unaffected by proper instruction).

■ Appellant further argues that she is entitled to a judgment as a matter of law on the basis that appellees failed to articulate a clear nondiscriminatory reason for her termination. Viewing the evidence in the light most favorable to appellees, *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir.2001), we find that the district court did not err in finding appellees satisfied their burden.

■ Although appellees gave differing testimony about the cause of Crichlow's ultimate departure, the record clearly indicates that appellant Santos requested her resignation based on the number of complaints lodged by the other staff members, including non-defendant surgical doctors, based on both personality conflicts and medical competence. Appellees need not persuade the court that they were actually motivated by the proffered reasons; they need only state the reasons "with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext" for discrimination. *Tex. Dep't of Commun. Affairs v. Burdine*, 450 U.S. 248, 255–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

We have carefully considered appellant's remaining claims and find them to lack merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**